UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael R. Stack, | ) C/A No. 4:08-1756-HFF-TER |
|             Plaintiff, | ) |
| vs. | ) |
| Greenville County Detention Center;<br>Sgt. Kerchofer; and<br>Sgt. Barnard, | ) Report and Recommendation |
|            Defendants. | ) |

_____

The Plaintiff, Michael R. Stack (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Greenville County Detention Center (GCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants the GCDC and two GCDC employees.[2] Plaintiff, who claims the Defendants have confiscated some of Plaintiff's property and have harassed Plaintiff for filing institutional grievances, seeks injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff states that the GCDC has been charging Plaintiff's account "for soap, water, toothpaste, deoderant [sic], heart medication, writing material" and "envelopes". As a result of this alleged debt, Plaintiff states the Defendants confiscated his "canteen along with my envelopes and paper." Plaintiff claims he cannot receive money from his family or "canteen" from other inmates until the allegedly illegal debits on Plaintiff's account are settled. Plaintiff further states he has filed several institutional grievances claiming he does not owe a debt to the GCDC, however, he has received no responses to the grievances. Plaintiff claims he has been harassed as a result of filing such grievances in the form of "shake downs" and the aforementioned confiscation of property. Plaintiff seeks "relief of this debt" and "relief from constant harrassment [sic]".

## Discussion

As an initial matter, the Greenville County Detention Center (GCDC) is not a proper defendant in this action. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." The GCDC is a facility used to house prisoners and detainees. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the GCDC is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and

San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on other grounds, Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Since the GCDC is not a proper defendant in this § 1983 action, it is entitled to summary dismissal.

Secondly, Defendants Kerchofer and Barnard are named in Plaintiff's complaint for confiscating Plaintiff's property. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). As Plaintiff appears to

claim that Defendants Kerchofer and Barnard intentionally deprived him of property, but makes no allegations that such an act was authorized or approved by either prison policy or supervisory officials, Plaintiff's deprivation of property claim must fail.

In regards to Plaintiff's claim of harassment/retaliation, the law clearly states that "[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico County*, 999 F. 2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit Court of Appeals has also mandated that claims of retaliation should be regarded with skepticism. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The Fourth Circuit further states:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

*Adams*, 40 F.3d at 74.

Thus, to state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d. 72 at 75. An inmate must also present more than conclusory accusations of retaliation, *Id.* at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. *See, e.g., Cochran* 73 F.3d at 1318; *Hughes v. Bledsoe*, 48 F.3d. 1376, 1387 n. 11 (4th Cir. 1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. *American Civil Liberties Union*, 999 F.2d at 785.

4:08-cv-01756-HFF     Date Filed 05/19/08    Entry Number 9     Page 6 of 7

In the instant action, Plaintiff claims that he has suffered from harassment and possible retaliatory conduct at the GCDC for utilizing the institutional grievance system. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983").   As Plaintiff has failed to allege that the Defendants retaliatory acts were taken in response to the exercise of a constitutionally protected right, Plaintiff's retaliation claim against the Defendants is not cognizable under 42 U.S.C. § 1983, and is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 18, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).